**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Dale POSEY, Defendant-Appellant.**

**No. 79–2134.**

United States Court of Appeals,
Tenth Circuit.

Argued March 17, 1981.

Decided April 30, 1981.

Frank Michael Ringer, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Frank R. Courbois, Oklahoma City, Okl. (Fred L. Staggs, Oklahoma City, Okl., with him on the brief), for defendant-appellant.

Before McWILLIAMS, BARRETT and SEYMOUR, Circuit Judges.

BARRETT, Circuit Judge.

Gary Dale Posey (Posey) appeals his jury conviction on four counts of an eight-count indictment: (I) conspiracy to distribute cocaine in violation of 21 U.S.C.A. §§ 841(a)(1) and 846, (VII) using a telephone in facilitating the illegal distribution of cocaine in violation of 21 U.S.C.A. § 843(b), (VI) and (VIII) illegal distribution of cocaine in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2.

Posey was sentenced to fifteen years imprisonment for each of Counts I, VI and VIII, and four years imprisonment for Count VII, all of which were to run concurrently. Additionally, Posey was to serve a special parole term of three years.

There is no dispute regarding the transactions leading to Posey's arrest. On June 18, 1978, an ounce of cocaine was sold to Agent Gillum by LaRaine Kelly, Larry McBride and Stacey Wyant. During the sale, Wyant mentioned that Posey had supplied the cocaine being sold to Gillum. On June 19, 1978, Posey, aided by Kelly and Dana Shelton, sold 27 ounces of cocaine to Gillum.

At trial, there was disagreement over the form of cocaine sold to Gillum. Posey claimed he sold D-cocaine, an isomer of cocaine allegedly not prohibited by statute, and not L-cocaine, an isomer of cocaine prohibited by statute.

The Government's primary expert witness, Lynn Laswell (Laswell), an FBI chemist, testified that he had performed various tests [1] and concluded that the substances sold to Gillum were L-cocaine.

Posey's expert witness, Robert Shapiro (Shapiro), a chemistry professor at the University of Colorado, stated that two techniques exist for distinguishing L-cocaine from D-cocaine, and that the best method was the polarimeter test. He criticized Laswell's tests as not conclusively making the D/L-cocaine distinction.

The Government's rebuttal expert witness, Margaret Louise Stevenson (Stevenson), a DEA chemist, corroborated Laswell's testimony as to the existence of L-cocaine in the substance tested as a result of her use of the polarimeter test suggested by Shapiro.

On appeal, Posey raises six allegations of error (1) denial of his motions for acquittal; (2) allowing Laswell to testify as an expert; (3) admitting Stevenson's expert opinion based upon hearsay; (4) admitting Stevenson's polarimeter test results in rebuttal testimony; (5) denial of his requested instructions and instructing the jury that the form of cocaine proscribed by 21 U.S.C.A. § 812 was a question of fact; (6) admitting testimony of Agent Gilbert.

I.

Posey urges that the trial court erred in denying his motions for acquittal at the conclusion of the Government's case, at the conclusion of his case and at the conclusion of all the evidence.

---

1. Chemical spot test, gas chromatography, mass spectroscopy, mixed-infrared spectroscopy, microcrystalline test, thin layer chromatography, and ultraviolet spectroscopy.

It is fundamental that the appellate court does not weigh conflicting evidence or pass on the credibility of witnesses. *United States v. Downen*, 496 F.2d 314 (10th Cir. 1974), *cert. denied*, 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 142 (1974). In passing on a motion for acquittal, the Court must scrutinize the evidence, together with all reasonable inferences to be drawn therefrom, from the point of view most favorable to the Government to determine whether there is substantial evidence from which a jury might find that an accused is guilty beyond a reasonable doubt. *United States v. Walton*, 552 F.2d 1354 (10th Cir. 1977), *cert. denied*, 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977).

The indictment charged Posey with conspiring to illegally distribute cocaine. The evidence was undisputed that Posey sold a white powder to Agent Gillum. The only real question presented was the identification of the substance sold to Gillum.

█ Laswell testified that his tests indicated that the substance was L-cocaine. The Government presented evidence that D-cocaine was difficult to make and that D-cocaine had never been seen apart from L-cocaine. More importantly, the experts had never actually found a specimen of D-cocaine. This evidence, with reasonable inferences drawn therefrom, is more than adequate to permit a rational conclusion by the jury that the substance sold by Posey was, beyond a reasonable doubt, illegal cocaine. Accordingly, Posey's initial motion for acquittal at the conclusion of the Government's case was properly denied, together with subsequent motions made at the conclusion of his case and at the conclusion of all the evidence.

## II.

█ Posey claims that the trial court erred in allowing Agent Laswell to testify as an expert. Acceptance or rejection of an expert witness' qualification is a matter for the trial court's discretion and that determination will not be disturbed unless clearly erroneous. *United States v. Gagnon*, 635 F.2d 766 (10th Cir. 1980); *Scholz Homes v. Wallace*, 590 F.2d 860 (10th Cir. 1979).

█ The record showed that Laswell has a degree in chemistry; has worked for the FBI Laboratory for eight years; has conducted over 50 experiments involving cocaine and has testified as an expert witness approximately 25 times. In the circumstances of this case, there was no abuse of discretion in the admission of this expert testimony. *See United States v. Haro-Espinosa*, 619 F.2d 789 (9th Cir. 1979).

## III.

Posey argues that the trial court erred in permitting Agent Stevenson's testimony regarding Agent Laswell's tests because she impermissibly relied upon hearsay in arriving at her opinion.

The complained of testimony adduced from Agent Stevenson was simply that based upon Laswell's test descriptions and an examination of his results, it was her opinion that Laswell correctly determined the existence of L-cocaine.

█ Federal Rules Evid. rule 703, 28 U.S.C.A.[2] permits an expert witness to base his or her opinion upon knowledge "reasonably relied upon by experts in the particular field." *See Smith v. Ford*, 626 F.2d 784 (10th Cir. 1980), *cert. denied*, ── U.S. ──, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *United States v. Ortiz*, 610 F.2d 280 (5th Cir. 1980), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980).

█ Stevenson's testimony was in compliance with the rule. It is quite reasonable for a chemist to review another chemist's analysis when forming an opinion as to the veracity of the latter's test results. Accordingly, we find no abuse of discretion by the trial court in admitting Agent Stevenson's testimony.

---

**2.** The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

## IV.

Posey claims the trial court erred by admitting Stevenson's polarimeter test results as rebuttal testimony. Subsequent to Dr. Shapiro's testimony, the Government requested permission to further test the alleged cocaine in conformity with the tests recommended by Dr. Shapiro. Thereafter, samples were withdrawn, Stevenson conducted the polarimeter tests and her results indicated that the white powder was indeed L-cocaine.

Posey essentially argues that Stevenson's testimony was not in the nature of rebuttal testimony and instead amounted to an improper opening of the Government's case in chief.

In a case factually similar, the Eighth Circuit allowed the Government to conduct additional tests after concluding its case in chief and to present the results as rebuttal evidence. *United States v. Luschen*, 614 F.2d 1164 (8th Cir. 1980), *cert. denied*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). The court there found the new tests served the permissible rebuttal function of counteracting the testimony of the opposing expert witness.

Here, Dr. Shapiro testified that the tests made by Agent Laswell were insufficient to distinguish L-cocaine from D-cocaine. Dr. Shapiro suggested a more accurate technique, known as polarimetry. The Government responded to Dr. Shapiro's criticism of its chemical analysis by using the very test suggested by Dr. Shapiro. Stevenson presented her polarimeter results which corroborated Laswell's findings that the substance obtained from Posey was L-cocaine.

■ This court has held that the admission of rebuttal evidence rests within the sound discretion of the trial court. *United States v. Smurthwaite*, 590 F.2d 889 (10th Cir. 1979); *See United States v. Williams*, 605 F.2d 495 (10th Cir. 1979), *cert. denied*, 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 189 (1979).

■ We find no abuse of discretion by the trial court. We conclude that the polarimeter tests were properly characterized and admitted as rebuttal evidence.

## V.

Posey claims that the trial court erred by denying his requested instructions and instructing the jury that the form of cocaine proscribed by 21 U.S.C.A. § 812 was a question of fact for the jury.

■ A defendant in a criminal proceeding is entitled to an instruction on his theory of defense if such finds support in the evidence and law. *United States v. Swallow*, 511 F.2d 514 (10th Cir. 1975), *cert. denied*, 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). Conversely, there need be no instruction on a defendant's theory of defense when there is no support therefor in the evidence or the law. *United States v. Prazak*, 623 F.2d 152 (10th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980).

Posey's theory of defense was that the community knew Agent Gillum to be an undercover narcotics officer and that he sold Gillum "legal" cocaine in an attempt to defraud the Government. The denied instructions were designed to instruct the jury that there could be no violation for conspiring to distribute cocaine when the conspirators *knew* they were distributing lawful cocaine. The Court's instructions correctly embodied the specific intent element of the conspiracy charge and properly denied Posey's requested instructions regarding his theory of the case because they were argumentative and unsupported by the evidence. In any event, as noted in the instruction referred to below, the Court, in effect, gave deference to Posey's theory by instructing the jury concerning D-cocaine.

Posey, in the alternative, claims that the trial court erred by instructing the jury that it was a question of fact whether D-cocaine falls within the statutory definition of controlled substances.

The trial court instructed that:

There has been evidence introduced in this case distinguishing between two types of cocaine, L-cocaine and D-cocaine. It is undisputed that L-cocaine is a con-

trolled substance as hereinbefore defined. It is, however, disputed that D-cocaine is such a controlled substance. Whether or not D-cocaine is a controlled substance as defined is a question of fact for you to determine.

Therefore, you must first determine if the substance involved in each of the alleged transactions was L-cocaine or D-cocaine. If you find that a substance was D-cocaine, you must then determine, based on the evidence presented, if D-cocaine is a controlled substance as I have defined controlled substance for you.

R., Vol. V, pp. 587–588.

The above instruction is consistent with that given by other circuits which have dealt with cases involving the L-cocaine/D-cocaine defense and which have been approved. *See United States v. Hall*, 552 F.2d 273 (9th Cir. 1977); *United States v. Orzechowski*, 547 F.2d 978 (7th Cir. 1976), *cert. denied*, 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1976). We agree with those courts. And in *United States v. Wilburn*, 549 F.2d 734 (10th Cir. 1977) we allowed a jury to resolve a conflict in testimony between opposing expert witnesses whether a substance was "authentic cocaine" or "pseudo-cocaine". We there held that a conflict in the testimony of the expert witnesses was properly resolved by the jury's determination that the substance involved was authentic cocaine.

Generally, the Court satisfies its duty by giving correct instructions which sufficiently cover the case. *United States v. Burns*, 624 F.2d 95 (10th Cir. 1980).

We hold that the trial court correctly and sufficiently instructed the jury in resolving the conflicting expert testimony regarding the form of cocaine proscribed by statute.

### VI.

We fail to see any merit in Posey's remaining argument that he was prejudiced by certain hearsay testimony from Agent Gilbert regarding identification of marked $100 bills provided to Agent Gillum for cocaine purchases.

Agent Gilbert testified that twenty-three marked $100 bills had been used by Agent Gillum in a cocaine sale with co-conspirator McBride. Further testimony revealed that Gilbert did not have the requisite personal knowledge to support that conclusion.

The Court struck the testimony and carefully instructed the jury to disregard it. The general rule is that the effect of improper evidence may be remedied by admonishing the jury to disregard it and by withdrawing it from evidence. *United States v. Laymon*, 621 F.2d 1051 (10th Cir. 1980).

We hold that striking the testimony and admonishing the jury was sufficient to neutralize the hearsay aspects of Agent Gilbert's testimony. Moreover, any error created by the Court's initial decision to overrule Posey's objection to the admission of the testimony was harmless inasmuch as no substantial rights were affected. Fed.Rules Cr.Proc. rule 52(a), 18 U.S.C.A.

WE AFFIRM.