Ronald C. HUTCHINSON, Appellant,

v.

Brenda J. STUCKEY, et al., Appellees.

No. 90–7145.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 28, 1991.
Decided Jan. 14, 1992.

Thomas Fortune Fay, Washington, D.C., for appellant.

Edward E. Schwab, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees. Charlotte M. Brookins, Asst. Corp. Counsel, Washington, D.C., also entered an appearance, for appellees.

Before D.H. GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

The appellant, Ronald C. Hutchinson, appeals from the district court's order granting a new trial following a jury verdict in Hutchinson's favor. The court ordered the new trial on two grounds: (1) the verdict was against the weight of the evidence and (2) the damages were excessive. Subsequently, the court dismissed the action when informed by counsel that Hutchinson was financially unable to pursue a second trial. For the reasons set forth below, we vacate the order dismissing the action, re-

verse the order granting a second full trial and remand for a new trial on damages only.

Hutchinson brought this action seeking actual and punitive damages against the appellee, District of Columbia security officer Charles Reedy, for assault, battery, false arrest and imprisonment and deprivation of civil rights in violation of 42 U.S.C. § 1983. The complaint alleged that on August 11, 1986, Reedy wrongfully assaulted, arrested and confined Hutchinson when Hutchinson refused to leave the District of Columbia Health and Human Services Department building. On April 7, 1989, a jury awarded Hutchinson actual damages of $50,000 and punitive damages in the same amount. On April 21, 1989, Reedy filed a motion seeking, alternatively, a directed verdict, judgment notwithstanding the verdict, a new trial or a remittitur. By order filed November 6, 1989, the district court granted Reedy's motion for new trial on the two grounds noted above, namely, that the verdict was against the weight of the evidence and that the damages were excessive, and scheduled a second trial for September 14, 1990. Expressing doubts regarding the credibility of Hutchinson, who has a history of mental illness, the court also decided to "re-open discovery to allow for a medical expert to evaluate Mr. Hutchinson and his capacity to testify without fantasizing." Appendix (App.) 10. Subsequently, Dr. Thomas C. Goldman, a psychiatrist engaged by Reedy, conducted an examination of Hutchinson. On June 26, 1990, Hutchinson moved to vacate the new trial order. That motion was apparently denied orally on September 14, 1990.[1] On the same day, the district court dismissed the action for want of prosecution after learning from Hutchinson's counsel that Hutchinson, then a California resident, "did not intend to proceed because he had exhausted all of his funds and [could] no longer pursue the prosecution of this case." App. 12.[2]

Hutchinson now appeals the district court's decision to conduct a new trial. We address separately the court's two alternative grounds for ordering a second trial.

■ First, the district court concluded the verdict was "contrary to the weight of the evidence" because it found Hutchinson's testimony, virtually the only evidence supporting liability, to be incredible:

> The primary basis for granting a new trial is the factual implausibility of plaintiff's testimony. In particular, plaintiff's story about being brought into an "unknown" room where body cavity searches were being performed by the police is implausible and in the opinion of this Court the product of plaintiff's psychiatric problems. Moreover, no other witness was presented to corroborate this or any other critical portion of plaintiff's case. Mr. Hutchinson's capacity to testify is an issue that greatly concerns this Court. Although this Court is not a medical expert, it is of the opinion that the events as testified to by plaintiff are not entirely based on fact.... This Court believes that the verdict in this case was not based on a dispassionate and disinterested evaluation of the merits of plaintiff's case.

App. 9–10. We find this first ground insufficient to support the court's decision.

■ The determination whether to order a new trial is entrusted to the trial court's discretion and may be reviewed only for abuse of that discretion. *McNeal v. Hi–Lo Powered Scaffolding, Inc.*, 836 F.2d 637, 646 (D.C.Cir.1988) (citing *Grogan v. General Maintenance Serv. Co.*, 763 F.2d 444, 447 (D.C.Cir.1985)). When the district court *denies* a motion for new trial, our scope of review is particularly narrow because the trial court's decision accords with the jury's. *Id.* Where as here, however, the trial court *grants* a motion for new trial, "a more searching inquiry is required," *id.*, because of "the concern that a judge's nullification of the jury's verdict

---

1. Hutchinson so asserts, Brief for Appellant at i, but the record contains no transcript of the oral ruling nor does the district court docket note a denial.

2. In fact, his counsel represented that Hutchinson "[could not] afford even to return to this jurisdiction." *Id.*

may encroach on the jury's important fact-finding function," *Vander Zee v. Karabatsos*, 589 F.2d 723, 729 (D.C.Cir.1978) (citing *Taylor v. Washington Terminal Co.*, 409 F.2d 145, 148 (D.C.Cir.1969)), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1066 (1979). This is particularly true when the motion is granted on the ground that the verdict is against the weight of the evidence. *Id.* When a new trial is ordered on that ground,

> the [trial] judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants' right to jury trial.

*Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3d Cir.) (en banc), *cert. denied*, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960), *quoted in McNeal*, 836 F.2d at 646–47. Under this standard, we must reverse the grant of a new trial here.

■ As the district court order recites, Hutchinson testified that Reedy ordered him to leave the building, physically pushed him, attempted to throw him to the ground, twisted his arm and, after placing handcuffs on him, "beat him about the neck repeatedly pushing his head into the wall." App. 4–5; *see id.* 31–39. Hutchinson further testified, as the order recounts, that he was taken into custody and ultimately transported to a "city jail" where he was confined in a room in which persons were being subjected to body cavity searches, although he himself was not so searched and was released a short time later. App. 6–7, 40–46. Such testimony, if credited by the jury as it apparently was, supports a finding of liability. In rejecting that testimony based on its own assessment of Hutchinson's credibility, the district court encroached on the jury's province and abused its discretion. As we noted in *Vander Zee*, when a jury's verdict is supported by sufficient evidence, as it was here, "[t]he trial court's contrary view of the

credibility of the witnesses does not justify the granting of a new trial." 589 F.2d at 729. Accordingly, we reverse the court's November 6, 1989, order insofar as it grants a new trial on the ground that the verdict was against the weight of the evidence. We turn to the order's second ground for granting the new trial motion.

■ In the November 6, 1989, order the district court also concluded a new trial was required because the damages awarded, both actual and punitive, were too high:

> In addition, the damages awarded in this case are clearly excessive. In my view, the size of the award was the product of passion and prejudice. The jurors sought to compensate a homeless, unemployed, and psychologically impaired man without regard to the evidence or the law in this case. Even assuming plaintiff's story to be accurate, he only suffered a minor injury to one of his fingers, the medical expenses he incurred were minimal, and their [sic] was no showing of lost wages or diminution in future earning capacity. *See e.g. Johnson v. Parrish*, 827 F.2d 988 (4th Cir.1987). Indeed, plaintiff has been unable to obtain steady employment for many years. Thus, the compensatory damage award in the amount of $50,000.00 was excessive. The jury also saw fit to award plaintiff $50,000 in punitive damages. Punitive damages are appropriate to penalize a defendant for outrageous conduct and to deter him from similar activity in the future. In the District of Columbia, an award of punitive damages is appropriate only where a defendant's conduct is " 'willful and outrageous,' constitute[s] 'gross fraud,' or [is] 'aggravated by evil motive, actual malice, deliberate violence or oppression....' " *NEPERA Chemical, Inc. v. Sea–Land Service*, 794 F.2d 688, 698 (D.C.Cir.1986), quoting *Price v. Griffin*, 359 A.2d 582, 589 (D.C.1976). Here again, this Court is convinced that the jury's award was the product of passion and prejudice. Additionally, this Court notes that an award of punitive damages is impermissible without a valid base for compensatory damages. *See*

*Jordan v. Medley,* 711 F.2d 211, 216 (D.C.Cir.1983).

App. 10–11. We affirm the district court's conclusion that the damages are excessive.

■ In reviewing the grant of a new trial based on excessive damages, we give considerable deference to the district court's view that a verdict is outside the proper range and review the decision only for abuse of discretion. *Taylor v. Washington Terminal Co.,* 409 F.2d 145, 149 (D.C.Cir.), *cert. denied,* 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969). Thus, we will reverse that decision only "where the quantum of damages found by the jury was *clearly* within 'the maximum limit of a reasonable range.'" *Id.* (emphasis in original) (quoting *Frank v. Atlantic Greyhound Corp.,* 172 F.Supp. 190, 191 (D.D.C. 1959)). That is not the case here.

The evidence supports a finding that Hutchinson suffered significant injury to his left ring finger but only minimal out-of-pocket expense and no lost earnings or impairment of earning capacity. In addition, Hutchinson presented no evidence of substantial emotional distress that might warrant a large compensatory award. Hutchinson argues the award was justified as compensation for his loss of freedom and dignity. We do not think, however,

that either Reedy's treatment of Hutchinson or Hutchinson's short confinement can reasonably support so high a verdict.[3] Under these circumstances we cannot conclude the district court abused its discretion in finding the actual damage award excessive. Accordingly, this action is remanded for a new trial on the amount of actual damages.

■ Finally, we conclude that the amount of punitives should also be resubmitted to the jury. We believe a jury should be permitted to consider the amount of actual damages in calculating a punitive damage award. *See Pacific Mutual Life Ins. Co. v. Haslip,* —— U.S. ——, 111 S.Ct. 1032, 1045, 113 L.Ed.2d 1 (1991) (upholding constitutionality of punitive damage award in part because "post-verdict review ensures that punitive damages awards are not grossly out of proportion to the severity of the offense *and have some understandable relationship to compensatory damages*") (emphasis added). Thus, when a new trial is ordered on actual damages, the question of punitive damages should also be retried. *Cf. Jordan v. Medley,* 711 F.2d 211, 216 (D.C.Cir.1983) (punitive damage award must be set aside and the issue retried when a new trial is ordered on liability and actual damages).[4]

---

**3.** We note that section 1983 does not authorize recovery of damages based on the abstract value of the constitutional rights allegedly violated. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 310–13, 106 S.Ct. 2537, 2544–46, 91 L.Ed.2d 249 (1986).

**4.** We cannot agree with the district court's apparent conclusion that the evidence failed to support an entitlement to any punitive damages because, if Hutchinson's account of the incident is believed, Reedy's behavior could be considered, at a minimum, "deliberate violence or oppression." *See* App. 11 (November 6, 1989 order, quoting *Nepera Chemical, Inc. v. Sea–Land Serv., Inc.,* 794 F.2d 688, 698 (D.C.Cir. 1986), *and Price v. Griffin,* 359 A.2d 582, 589 (D.C.1976)).

Appellee Reedy argues that the punitive damage award cannot stand because it "had no relationship whatsoever to his financial position." Brief for Appellee at 25. In view of our disposition, it is unnecessary to address this argument which raises a question of first impression in this circuit. It is true that an award of punitive damages should be related to the defendant's ability to pay, *Faison v. Nationwide*

*Mortgage Corp.,* 839 F.2d 680, 691 (D.C.Cir. 1987), *cert. denied,* 488 U.S. 823, 109 S.Ct. 70, 102 L.Ed.2d 46 (1988), and should be adjusted if clearly excessive in light of that factor, *Quinn v. DiGiulian,* 739 F.2d 637, 651 n. 22 (D.C.Cir. 1984). Nevertheless, the weight of authority places on *the defendant* the burden of producing evidence of his own financial condition if he wishes it considered by the jury. *See Smith v. Lightning Bolt Prods.,* 861 F.2d 363, 373 (2d Cir.1988) ("it is the defendant's burden to show that his financial circumstances warrant a limitation of [a punitive damage] award" (citing *Zarcone v. Perry,* 572 F.2d 52, 56 (2d Cir.1978))); *Woods–Drake v. Lundy,* 667 F.2d 1198, 1203 n. 9 (5th Cir.1982) ("we adopt the rule that it is defendant, and not plaintiff, who must carry the burden of introducing evidence of net worth if defendant wishes these facts to be considered in awarding punitive damages"); *Tri–Tron Int'l v. Velto,* 525 F.2d 432, 438 (9th Cir.1975) (rejecting argument of excessive punitives where "[a]ppellants offered no evidence on their financial ability to pay"); *cf. Town Ctr. Management Corp. v. Chavez,* 373 A.2d 238, 246 (D.C.1977) ("Appellant finally argues that the court could not

For the preceding reasons, we reverse the district court's November 6, 1989, order granting a new trial in toto and remand instead for a new trial on damages only.[5] In light of this remand, we vacate the order dismissing the action.[6]

*It is so ordered.*

award punitive damages in this case because no evidence of the defendant's financial capacity was introduced. Appellant has cited no case to support its contention that such evidence must be introduced to support an award of punitive damages and the rule appears to be to the contrary.") (citing *Tri–Tron Int'l v. Velto*). There is some authority to the contrary. *See Dumas v. Stocker*, 213 Cal.App.3d 1262, 262 Cal Rptr. 311, 314–16 (Dist.Ct.App.1989) (the absence of any evidence of a defendant's wealth renders the amount of a punitive damage award unsupported by the evidence); *see also* Jacob A. Stein, *Damages and Recovery* § 200 (Supp.1990 at 307–08).

5. The district court may, of course, elect to order a new trial nisi remittitur, particularly in light of the burden a new trial might impose on the parties. *See Faison v. Nationwide Mortgage Corp.*, 839 F.2d 680, 693–94 (D.C.Cir.1987) (where new trial on damages would be "unduly burdensome on the parties," the district court "should condition his order for a new trial on a remittitur in the appropriate amount") (on rehearing), *cert. denied*, 488 U.S. 823, 109 S.Ct. 70, 102 L.Ed.2d 46 (1988).

6. Because of our disposition of the appeal from the new trial order, we need not reach Hutchinson's appeal from the oral denial of the motion to vacate the new trial order, which ruling, in any event, does not appear in the appellate record. *See supra* note 1. Likewise, we need not discuss the opinions of Dr. Goldman which on this appeal are relevant, if at all, only to the ruling on the motion to vacate.