**UNITED STATES of America, Appellee,**

v.

**Vincent G. SMITH, Appellant.**

**No. 90–3112.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 30, 1992.

Decided June 2, 1992.

Thomas M. Slawson, Arlington, Va. (appointed by the court), for appellant.

Leslie Ann Wise, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and

---

John R. Fisher and Odessa F. Vincent, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WALD, EDWARDS and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Vincent G. Smith was convicted by a jury on six counts related to drug trafficking activity. Smith appeals his convictions on a single ground, namely that the district court erroneously admitted hearsay evidence concerning the composition of drugs seized from his apartment. Specifically, Smith challenges the testimony of a supervising forensic chemist regarding a drug analysis report produced by one of his subordinates and the introduction of that report during the supervising chemist's examination. For the reasons set out below, we conclude that the chemist's testimony was properly admitted and that admission of the report was, at worst, harmless error. Accordingly, we affirm Smith's convictions.

In deciding this appeal, we must view the evidence in the light most favorable to the government, allowing the government benefit of all reasonable inferences that may be drawn from the evidence. *United States v. Butler*, 924 F.2d 1124, 1126 (D.C.Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 205, 116 L.Ed.2d 164 (1991). So viewed the record reveals the following facts.

On three occasions during November 1989, Diane Richardson, a private citizen cooperating with the Drug Enforcement Agency (DEA), purchased cocaine base (crack) from Smith at his apartment. The evidence showed that Richardson purchased .756 grams of 70% pure crack from Smith on November 6, 1989, 6.556 grams of 72% pure crack on November 8, 1989, and 5.614 grams of 64% pure crack on November 22, 1989. Based on these transactions, DEA agents obtained a warrant to search Smith's apartment and on November 29,

1989, discovered and seized the following items there: 6.83 grams of 72% pure crack, a 12–gauge shotgun, a .44 caliber rifle, a .22 caliber rifle and a .22 caliber derringer. Smith was arrested on December 7, 1989, and was subsequently indicted on six counts: (1) distribution of crack on November 6, 1989, in violation of 21 U.S.C. § 841(a) and (b)(1)(C); (2) distribution of more than five grams of crack on November 8, 1989, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii); (3) distribution of more than five grams of crack on November 22, 1989, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii); (4) possession of crack with intent to distribute on November 29, 1989, in violation of 21 U.S.C. § 841(a) and (b)(1)(C); (5) possession of firearms during a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (6) felony possession of firearms in violation of 18 U.S.C. § 922(g). On March 12, 1990, Smith was convicted by a jury on all six counts. On June 5, 1990, the district court sentenced Smith to concurrent terms of 63 months on counts 1 through 4 and count 6 and a consecutive term of 60 months on count 5.

During Smith's trial, the government established the weight and purity of the crack purchased on November 6, 8 and 22 through the testimony of Lisa Holman, a DEA forensic chemist who had personally analyzed it. For the crack seized during the November 29 search, however, the government was unable to examine Henry Blum, the analyzing chemist,[1] but instead relied on the testimony of Blum's supervisor, Ralph Cottrell, who introduced a copy of Blum's drug analysis report and testified to its accuracy. Smith objected to both Cottrell's testimony and introduction of the report on hearsay grounds, but his objections were overruled. It is from that ruling that Smith appeals.

Smith asserts the district court erred in admitting the challenged evidence because Blum's report constituted inadmissible hearsay. The government does not dispute that the report was hearsay but insists it

---

1. Blum was unable to testify because of back problems.

was nevertheless admissible under the "business records" exception to the hearsay rule as codified in Federal Rule of Evidence 803(6).[2] In any event, the government argues, Cottrell's testimony regarding the report was permissible expert testimony under Federal Rule of Evidence 703, whether or not the report itself was admissible. We agree with the government that Cottrell's testimony was permissible under rule 703 and for that reason find no reversible error in the admission of Blum's report which was merely cumulative to Cottrell's opinion.

At trial, the government moved to qualify Cottrell "as an expert in the chemical analysis of controlled substances, specifically cocaine and cocaine base," and the court granted the motion finding Cottrell "qualified to express an opinion in the field of forensic chemistry." During direct examination, Cottrell explained the analytic methodology Blum had used and reviewed the contents of Blum's report and supporting documentation, which included a quantitative analysis, chromatograms and an infrared spectrograph. In response to questioning by government counsel, Cottrell offered the opinion that the results set out in Blum's report were correct, that is, that they were consistent with the supporting documentation. He also testified that he could have determined from the chromatograms if they had been inconsistent. We conclude that, whether or not the report and supporting documentation were themselves admissible, Cottrell's opinion corroborating their findings was proper expert testimony under Federal Rule of Evidence 703.

Rule 703 provides:

Rule 703. Bases of Opinion Testimony by Experts

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field ·in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Fed.R.Evid. 703. Under this rule, an expert may express an opinion based on inadmissible hearsay evidence so long as that evidence is of the type reasonably relied on by experts in the particular field. *See United States v. Wright,* 783 F.2d 1091, 1100 (D.C.Cir.1986). Here, Blum's report and, especially, the supporting documents are the kind of evidence on which a forensic chemist reasonably relies in forming an opinion on the composition of a particular substance. *See Reardon v. Manson,* 806 F.2d 39, 42 (2d Cir.1986) (upholding admission of drug composition testimony by supervising toxicologist who based his opinion on results of tests, including chromatography and spectrophotometry, performed by subordinates), *cert. denied,* 481 U.S. 1020, 107 S.Ct. 1903, 95 L.Ed.2d 509 (1987); *see also United States v. Posey,* 647 F.2d 1048, 1051 (10th Cir.1981) (under rule 703, "[i]t is quite reasonable for a chemist to review another chemist's analysis when forming an opinion as to the veracity of the latter's test results"). Accordingly, we conclude that Cottrell's opinion based on the supporting documents was properly admitted regardless of the admissibility of the documents themselves.

**2.** Rule 803(6) provides:

Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . . .

(6) Records of regularly conducted activity A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business ac-

tivity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed.R.Evid. 803(6).

**1224**

We further conclude that, given the substance of Cottrell's opinion, namely that the weight and purity of the seized crack were as recorded in Blum's report, any error in admitting the report was harmless. To the extent the report was used to establish Blum's opinion on the drugs' composition so as to constitute hearsay, it merely reinforced the identical opinion Cottrell had already properly offered. Because Blum's opinion regarding the drugs' composition was merely cumulative, we hold that the report's admission was, if error, harmless.[3] *See United States v. DeLoach,* 654 F.2d 763, 770–71 (D.C.Cir.1980) (admission of cumulative hearsay statements is harmless), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 366 (1981) *and sub nom. Holland v. United States,* 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 209 (1981); *cf. United States v. Treadwell,* 760 F.2d 327, 339 (D.C.Cir.1985) ("[W]hen an extraneous document submitted to the jury is merely cumulative of other, properly admitted evidence, the transmittal is harmless error."), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 814, 88 L.Ed.2d 788 (1986).

For the preceding reasons, the judgment of the district court is

*Affirmed.*

---

3. In light of this holding, we need not decide whether, as the government urges, a forensic chemist's drug analysis is admissible under the business records exception to the hearsay rule. This contention raises an important issue of first impression in this circuit and one on which other circuits have expressed differing views. *Compare United States v. Oates,* 560 F.2d 45, 63–84 (2d Cir.1977) (drug analysis by government chemist held inadmissible hearsay not subject to business records exception) *with United States v. Baker,* 855 F.2d 1353, 1359–60 (8th Cir.1988) ("When made on a routine basis, laboratory analyses of controlled substances are admissible as business records under Federal Rule of Evidence 803(6)") (citing *United States v. Scholle,* 553 F.2d 1109, 1124 & n. 4 (8th Cir.1977)), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989), *and United States v. Ware,* 247 F.2d 698, 699 (7th Cir.1957) (government chemist's drug analysis, although hearsay, was "admissible as having been made in the regular course of business"). For that reason and because we affirm the district court's judgment on an alternative ground, we decline to address applicability of the business records exception. *Cf. Hutchinson v. Stuckey,* 952 F.2d 1418, 1422 n. 4 (D.C.Cir.1992) (declining to address "question of first impression in this circuit" when unnecessary in light of alternative ground for disposition).