UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 01-30587
_____


JOHN POULLARD,

Plaintiff-Counter Defendant-Appellee,


VERSUS


JOSEPH M. TURNER; ET AL,

Defendants-Counter Claimants,

JOSEPH M. TURNER, Captain; LONNIE EDMONDS, Lieutenant; MICHAEL
LEVATINO, Lieutenant; DON THAMES, Sergeant,

Defendants-Counter Claimants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

July 16, 2002

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

John Poullard, a *pro se* Louisiana prisoner incarcerated in
Angola, sued prison guards Joseph Turner, Lonnie Edmonds, Michael
Levatino, and Don Thames for violations of his civil and Eighth
Amendment rights under 42 U.S.C. § 1983.  The court entered judgment

on a jury verdict in favor of Poullard for $750,000 in compensatory damages and $750,000 in punitive damages. We remand for new trial on damages.

## I.

Poullard was beaten in his cell by Turner, Edmonds, and Levatino, allegedly with billy clubs and allegedly because he had refused to drop a lawsuit against Edmonds and an administrative complaint against Levatino. Poullard also claimed that, later that day, Edmonds beat him with his fist while Poullard was in the back seat of a patrol vehicle on his way to the hospital.

Poullard's treating physician testified that he suffered fractures to both ankles, one of which required surgery, and an assortment of lesser injuries to other parts of the body. He was confined to a wheelchair for two and one-half months.

The jury awarded $750,000 compensatory and $750,000 punitive damages. The court rejected the defendants' motions for new trial on liability and damages.

The defendants argue that the district court erred in denying their motion for new trial on both liability and damages. For reasons that will become obvious, we consider first their arguments that the district court's jury instruction on damages were erroneous, requiring a new trial on compensatory damages.

## II.

At trial, Poullard explicitly disclaimed any intention to seek

damages for mental anguish or emotional distress.[1]  Nevertheless, the court charged the jury that

> You may award damages for bodily injury that the plaintiff sustained and any pain and suffering and/or *mental anguish that the plaintiff experienced in the past or will experience in the future as a result of the injury.*  No evidence of the value of intangible things, such as mental or physical pain has been or need be introduced.

(Emphasis added.)

Before the jury began deliberations, defendants' counsel specifically objected to this language, correctly pointing out that "Mr. Poullard stated, quite affirmatively, ... that he had no claims for mental pain and suffering and mental anguish."  This satisfies the requirement that a "party must object to a jury charge before the jury begins its deliberations in order to preserve its right to appeal that jury charge, unless the error is so fundamental as to be a miscarriage of justice."[2]

"We must vacate an award [of damages] if the jury charge as a whole leaves substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[3]  The jury could not have been properly guided in its deliberations if the court

---

[1] In response to questioning by the court, Poullard said he "do[esn't] claim no emotional distress or nothing.  My lawsuit is for a physical beating.  There is no complaint in the lawsuit that I filed on mental anguish or emotional distress."

[2] Brown v. Ames, 201 F.3d 654, 662 (5th Cir.), *cert. denied*, 531 U.S. 925 (2000).

[3] Skidmore v. Precision Printing & Packaging, 188 F.3d 606, 614 (5th Cir. 1999) (internal citations omitted).

instructed it to consider possible damages for mental anguish despite the plaintiff's own denial that he was seeking any such damages. Moreover, the likelihood that the jury was improperly influenced by the instructions is exacerbated by the court's statements that the jury could consider future as well as past and present anguish and by the instruction that the plaintiff was not required to give any estimate of the value of intangible items, including mental distress. Damages were not itemized, so it is impossible to determine what sum, if any, the jury awarded for mental anguish to permit us to reduce the total award by that amount. This error requires us to grant a new trial on compensatory damages.

### III.

It is a well-established principle that punitive damages must bear a "reasonable relationship" to compensatory damages.[4] Although punitive damages are not measured by the extent of injury to a plaintiff, actual damages are a proper factor for consideration by the finder of fact in determining the amount of punitive damages. The D.C. Circuit in Hutchinson v. Stuckey[5] concluded that the same jury charged with determining what, if any, award should be made for compensatory damages should be the same jury that awards punitive damages. That Court stated: "We believe a jury should be permitted

---

[4] BMW of North America, Inc. v. Gore, 116 S.Ct. 1589, 1601 (1996).

[5] 952 F.2d 1418 (D.C. Cir. 1992).

to consider the amount of actual damages in calculating a punitive damage award.  Thus, when a new trial is ordered on actual damages, the question of punitive damages should also be retried."[6]  Thus, we follow the general rule that when a new trial is granted on compensatory damages, "it must at the same time be granted on the issue of punitive damages."[7]  We therefore grant a new trial on punitive damages as well as compensatory damages.

IV.

We have considered appellant's remaining arguments and conclude that they are without merit.  For reasons stated above, we vacate the judgment below and remand for a new trial on damages only.

Judge Garza would affirm the judgment of the district court and dissents without opinion.

VACATED AND REMANDED FOR NEW DAMAGES TRIAL.

---

[6] *Id.* at 1423, *citing* Pacific Mutual Life Ins. Co. v. Haslip, 111 S.Ct. 1032, 1045 (1991)(upholding constitutionality of punitive damage award in part because "post-verdict review ensures that punitive damages awards are not grossly out of proportion to the severity of the offense and *have some understandable relationship to compensatory damages*") (emphasis added); and Jordan v. Medley, 711 F.2d 211, 216 (D.C.Cir.1983) (punitive damage award must be set aside and the issue retried when a new trial is ordered on liability and actual damages).

[7] L. SCHLUETER AND K. REDDEN, PUNITIVE DAMAGES § 6.3(B)(4th 2000).