**Robert GIRON, Appellant**

v.

**David McFADDEN, Appellee.**

**No. 10–7162.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 16, 2011.

Jack A. Gold, Karp, Frosh, Lapidus, Wigodsky & Norwind, PA, Rockville, MD, Lawrence Searle Lapidus, Karp, Frosh, Lapidus, Wigodsky & Norwind, PA, Washington, DC, for Appellant.

Michael Jack Budow, Richard E. Schimel, Esquire, Budow and Noble, PC, Bethesda, MD, for Appellee.

Before: GARLAND and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is **ORDERED and ADJUDGED** that the District Court's final judgment and order denying plaintiff's motion for new trial be **AFFIRMED.**

On October 9, 2004, David McFadden was driving a car and rear-ended Robert Giron on New York Avenue in the District of Columbia. Giron sued McFadden, seeking damages for back injury allegedly caused by the accident. On November 17, 2008, a jury found that McFadden had been negligent but did not proximately cause any injury to Giron.

Giron moved for a new trial, arguing primarily that the jury verdict was against the clear weight of the evidence. On October 15, 2010, the District Court denied this motion. *Giron v. McFadden*, 746 F.Supp.2d 5 (D.D.C.2010).

This Court reviews District Court rulings on motions for new trial for abuse of discretion. *See, e.g., Muldrow v. Re–Direct, Inc.*, 493 F.3d 160, 166 (D.C.Cir.2007); *Daskalea v. District of Columbia*, 227 F.3d 433, 443 (D.C.Cir.2000); *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C.Cir.1997); *Hutchinson v. Stuckey*, 952 F.2d 1418, 1420 (D.C.Cir.1992); *Grogan v. General Maintenance Service Co.*, 763 F.2d 444, 447–48 (D.C.Cir.1985).

Giron primarily argues that the jury erred in finding no proximate cause—and that the District Court abused its discretion in denying a new trial. We conclude that the District Court did not abuse its discretion in denying the motion for new trial.

When the district court denies a motion for new trial, appellate review "is particularly narrow because the trial court's decision accords with the jury's." *Hutchinson*, 952 F.2d at 1420. Likewise, "review is particularly narrow where ... the trial court denied a motion founded upon the contention that the evidence was insufficient to support the verdict. In such situations, the appellate court owes deference both to the trial judge and the jury, since both have had the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record." *Grogan*, 763 F.2d at 447–48 (citations and internal quotation marks omitted); *see also U.S. Industries, Inc. v. Blake Construction Co.*, 671 F.2d 539, 549 (D.C.Cir.1982) ("Our review of a denial of a motion for a new trial is extremely limited, and particularly where, as here, the ground was alleged insufficiency of the evidence.").

Here, both the jury and the trial judge observed the witnesses, considered the evidence, and ultimately decided in favor of McFadden. A good deal of evidence in the record supported the jury's determination that McFadden did not proximately cause any injury to Giron. For instance, McFadden was driving slowly at the time of the accident. His car sustained little damage, and Giron's car was not propelled forward into the vehicle in front of it. Giron sought no medical help that night,

but rather drove to Baltimore, went to a restaurant, and attended an opera. Moreover, Giron had previously suffered injury to and had surgery on the portion of his spine in question. As a result of that injury and surgery, he had scar tissue in his lower back; he also had a degenerative disease of the lumbar spine. Finally, Giron had an X-ray approximately seven months prior to the accident, indicating that he may have been experiencing discomfort at that time.

Particularly in light of the deferential standard of review, we hold that the District Court did not abuse its discretion in denying Giron's motion for new trial.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.