**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**NAIBEYE KOUMBAIRIA,**<br><br>**Defendant.** | **Criminal Action No. 08-213 (JDB)**<br>**Civil Action No. 13-743 (JDB)**<br>**(D.C. Cir. No. 14-3019)** |

**ORDER**

Petitioner Naibeye Koumbairia seeks a Certificate of Appealability ("COA") of [305] this Court's February 21, 2014 Order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Congress has restricted prisoner appeals from denials of section 2255 applications by limiting the availability of COAs to situations where "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Although petitioner need not demonstrate that he is likely to succeed on appeal, he must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Tennard v. Dretke, 542 U.S. 274, 282 (2004) ("'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong'") (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Having reviewed the record, the Court concludes, for the reasons below, that the

---

[1] The Court assumes familiarity with the procedural and factual background of this case, which is laid out in several of the Court's prior opinions. See, e.g., United States v. Koumbairia, No. 08-213, 2014 WL 658021, at *2-3 (D.D.C. Feb. 21, 2014).

grounds for denying petitioner's section 2255 motion are not susceptible to debate among reasonable jurists and, therefore, that issuance of a COA would be inappropriate.

In his section 2255 motion, petitioner argued only that he was deprived of effective assistance of counsel, in contravention of the Sixth Amendment. He contended that counsel was constitutionally deficient for not objecting to this Court's sentencing calculations, for not moving to dismiss the indictment, and for not eliciting certain testimony during evidentiary hearings related to sentencing.

During sentencing, this Court increased petitioner's criminal history category based on his prior gun conviction and also increased his base offense level because he possessed a gun in connection with the bank fraud offense for which he was convicted. Petitioner appealed the criminal history increase to the D.C. Circuit, which rejected his arguments and found that the Court did not commit a "clear" or "obvious" error in calculating his criminal history. See United States v. Koumbairia, No. 10-3016, 2013 WL 597656, at *3 (D.C. Cir. Feb. 1, 2013). He then argued in his section 2255 motion that counsel was constitutionally deficient for failing to object when the Court increased his base offense level. This Court found that petitioner's claim was without merit, because even if his counsel had objected, the Court would have overruled the objection as meritless. See United States v. Koumbairia, No. 08-213, 2014 WL 658021, at *2-3 (D.D.C. Feb. 21, 2014). Because the Court explicitly relied on other instances in which petitioner possessed a firearm in connection with the fraud scheme to increase his base offense level, the Court did not engage in impermissible double-counting. See, e.g., United States v. Crosson, 166 F.3d 1210, at *1 (4th Cir. 1998) (Table) (no error where district court increased criminal history category because it did not rely on prior sentence in computing offense level); United States v. Oser, 107 F.3d 1080, 1086, 1088 (3d Cir. 1997) (prior sentence was not relevant conduct for

2

criminal history purposes where court did not rely on prior offense in computing base offense level). And because counsel was not obliged to raise a meritless argument, counsel was not constitutionally deficient for failing to do so. United States v. Watson, 717 F.3d 196, 198 (D.C. Cir. 2013) ("[C]ounsel does not perform deficiently by declining to pursue a losing argument."); United States v. Kelly, 552 F.3d 824, 831 (D.C. Cir. 2009) (counsel "not obliged to raise a meritless defense").

Petitioner also argued in his section 2255 motion that his counsel was constitutionally deficient for failing to move to dismiss the fraud indictment on grounds of impermissible delay. But the Court found that even if petitioner could show sentencing prejudice—a questionable proposition itself—he did not show that his counsel was deficient because he identified no evidence whatsoever that the government intentionally delayed bringing the indictment in order to gain a tactical advantage. See United States v. Mills, 925 F.2d 455, 464 (D.C. Cir. 1991), modified on other grounds, 964 F.2d 1186 (D.C. Cir. 1992) (en banc) (pre-indictment delay "offends due process if the defendant can carry the burden of showing (1) that the government delayed bringing the indictment in order to gain a tactical advantage; and (2) that the delay caused him actual and substantial prejudice"). Petitioner's case was simply a complex case that required some time to coordinate, and the government indicted him well within the statute of limitations. See Koumbairia, 2014 WL 658021, at *4. Once again, because counsel was not obliged to raise a meritless argument, counsel was not constitutionally deficient under Strickland.

Finally, petitioner argued that his counsel should have elicited testimony that the gun found in his home was the same gun used in the instances upon which the Court did rely to increase his base offense level, and that this fact would have changed the Court's criminal history calculations. This argument failed as well because of a factual problem: the gun

3

possession in his home was not "relevant conduct" for the purpose of the sentencing calculation, even if it was the same gun. See U.S.S.G. § 4A1.2 app. n.1; Koumbairia, 2014 WL 658021, at *4. Consequently, even if petitioner had testified to that fact, the Court's calculations would not have been affected.

As the foregoing demonstrates, none of the issues raised in petitioner's section 2255 motion was resolved on the basis of debatable interpretations of constitutional law—or indeed on the basis of any interpretations of constitutional law. Counsel cannot be ineffective under Strickland v. Washington, 466 U.S. 668 (1984), for failing to raise meritless arguments. Watson, 717 F.3d at 198; Kelly, 552 F.3d at 831. And petitioner argued only that his counsel was ineffective for failing to object to the Court's sentencing calculations, for failing to move to dismiss the indictment, and for failing to elicit testimony supposedly related to the sentencing calculations. Yet had counsel objected, the Court would have overruled the objection; had counsel moved to dismiss the indictment, the Court would have denied the motion; and had counsel elicited that testimony, the Court's sentencing calculations would not have changed. Hence, petitioner has failed to make the kind of "substantial showing of the denial of a constitutional right" that would entitle him to a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Upon consideration of the entire record herein, and for the foregoing reasons, it is hereby

**ORDERED** that petitioner's application for a certificate of appealability is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall transmit a copy of this order to the United States Court of Appeals for the District of Columbia Circuit.

**SO ORDERED.**

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
/s/
JOHN D. BATES
United States District Judge

Dated:  April 15, 2014